UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH KARNAZES,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN AIRLINES, INC.,<br><br>          Defendant. | Case No. 19-cv-05754-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE; DENYING MOTION FOR LEAVE TO RETAIN COUNSEL AND FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 13, 51 |

Pro se plaintiff Elizabeth Karnazes originally brought this action over four years ago in state court for various claims arising out of two incidents involving defendant American Airlines, Inc. ("American Airlines") – one involving removal from an aircraft and the other involving an incident at a ticketing counter. After the action was removed to this court over a year ago, American Airlines moved to dismiss the operative First Amended Complaint ("FAC"). Since then, Karnazes' deadline to oppose the motion has been extended multiple times through stipulations and requests to continue. Most recently on December 17, 2020, I denied her request for further extension and warned her that failure to oppose by December 23, 2020 would lead to dismissal of this case for failure to prosecute.

On December 23, 2020, Karnazes filed an opposition along with a motion for leave to retain counsel and file a Second Amended Complaint. For the reasons stated below, American Airlines' motion to dismiss the FAC is GRANTED with prejudice and Karnazes' motion for leave is DENIED.

**BACKGROUND**

**I.     PROCEDURAL BACKGROUND**

Karnazes originally filed this action against American Airlines on August 18, 2016 in San

Francisco Superior Court. Notice of Removal ("NOR") [Dkt. No. 1] ¶ 1. American Airlines was never served with the original Complaint. *Id.* The action remained pending for four years until August 15, 2019, when Karnazes filed a First Amended Complaint, which was properly served on American Airlines. *Id.* ¶ 2; *id.*, Ex. A (hereinafter "FAC"). On September 13, 2019, American Airlines removed the action to this court. *Id.* ¶¶ 3–4.

On September 20, 2019, American Airlines moved to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively to strike and ask for more definitive statement pursuant to Rules 12(f) and 12(e). Motion to Dismiss, to Strike or for a More Definitive Statement as to Plaintiff's First Amended Complaint ("MTD") [Dkt. No. 13].

My previous orders over the last year summarize the number of times Karnazes' deadline to oppose has been extended due to her ongoing medical concerns. Order Granting Stipulation to Continue [Dkt. No. 19]; Order Granting Stipulation to Extend [Dkt. No. 24]; Order to Show Cause for Failure to Prosecute [Dkt. No. 31]; Order RE Briefing Schedule on Defendant's Motion to Dismiss [Dkt. No. 35]; Order to Show Cause [Dkt. No. 39]; Order Denying Motion to Stay and Setting Briefing Schedule on Pending Motion to Dismiss the First Amended Complaint [Dkt. No. 43]; Order Granting Motion to Stay [Dkt. No. 49]; Order Denying Request for Extension [Dkt. No. 50].

On December 23, 2020, Karnazes finally filed her opposition to the pending motion to dismiss, along with a request for leave to retain counsel and file a Second Amended Complaint [Dkt. No. 51]. Her opposition does not respond to any of the arguments raised in American Airlines' motion; instead, it primarily addresses reasons why she thinks another extension should be granted.

**II.   FACTUAL BACKGROUND**

The FAC is largely indecipherable, but Karnazes's claims appear to arise out of two incidents involving American Airlines. In the first incident, she alleges that American Airlines wrongfully removed her and her service dog from the aircraft, defamed her by calling her a "crazy lady," wrongfully accused her of having a fake unlicensed service dog, and failed to protect her from an intoxicated passenger who assaulted and battered her. FAC 12–14.

2

The second incident allegedly took place at the Miami International Airport as Karnazes was attempting to go through security with the assistance of wheelchair personnel. FAC 15. She alleges that she was told to immediately return to American Airlines check-in counter due to a security problem. At the counter, an American Airlines representative harassed her and told her that her mobility scooter, dog food, water bottles, thermal bags and other belongings in her baggage could not be taken on the flight. *Id.* She was told that she could fly the following day. *Id.* at 24. She was unable to open her luggage when she arrived at her overnight hotel and had to return to the airport to have a TSA agent unlock her baggage. *Id.*

Based on these incidents, the FAC alleges the following nine causes of action: (i) general negligence; (ii) intentional tort; (iii) breach of contract; (iv–viii) five claims of fraud; (ix) exemplary damages.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss if a claim fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

Under Federal Rule of Civil Procedure 9(b), a party must "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). However, "Rule 9(b) requires only that the circumstances of fraud be stated with particularity; other facts may be pleaded generally, or in accordance with Rule 8." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011). In deciding

a motion to dismiss for failure to state a claim, the court accepts all of the factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### A. Sufficiency of the FAC

The FAC tells a rambling story of incidents that is not grounded in specifically alleged facts. As an initial matter, Karnazes alleges that the negligence, intentional torts, breach of contract, and fraud took place on "August 18, 2016, and other dates." FAC 11, 16, 21, 30. It is not plausible that the alleged conduct took place on August 18, 2016 because that is the date Karnazes filed her original Complaint. *See* MTD 11. The language "other dates" is also too vague to support a plausible claim for relief.

In addition to the insufficiently alleged dates, Karnazes fails to plausibly plead the elements of each of her claims. She provides an incomprehensible story for her negligence and intentional tort claims that includes conclusory allegations like "Defendants carelessly, recklessly, grossly negligently, and with wanton disregard for the safety of others . . . wrongfully and falsely imprisoned Plaintiff under guard with her service dog, assaulted, battered, and defamed Plaintiff." FAC 12. There is no indication of what made American Airlines' conduct negligent or how the alleged "assault and battery" by an intoxicated passenger can be imputed on American Airlines.

Karnazes' explanation of her breach of contract claim is equally incomprehensible. The FAC only focuses on how American Airlines and other doe defendants were "acting in concert" and conclusorily alleges that their "concerted" actions caused Karnazes emotional and physical distress. FAC 22–29. She does not plausibly plead any of the elements of a breach of contract claim, including when the alleged contact formed, whether it was implied or express, and what the terms are for the contract that American Airlines allegedly breached.

Karnazes' fraud claims do not come close to "stat[ing] with particularity the circumstances constituting [the] fraud[.]" Fed. R. Civ. P 9(b). Rule 9(b)'s heightened pleading standard requires

4

1  Karnazes to do more than simply identify a transaction and allege in a conclusory manner that the
2  transaction was fraudulent. *See In re GlenFed, Inc. Sec. Litig .*, 42 F.3d 1541, 1548 (9th Cir.
3  1994). Rather, she must set forth in detail "the who, what, when, where, and how" of the alleged
4  fraudulent conduct. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation
5  omitted). She fails to do that here as she does not identify anyone or any specific times. Nor does
6  she adequately explain what the alleged misrepresentation, concealment, or false promises were
7  that form the basis of her fraud claims.

8  Karnazes' ninth cause of action for "exemplary damages" is not a cognizable cause of
9  action. *Hillard v. A.H. Robins Co.*, 148 Cal. App. 3d 374, 391 (1983). Punitive or exemplary
10 damages are remedies available to a party who plausibly plead, and eventually prove, their
11 underlying claims. *See Missud v. City & Cty. of San Francisco*, No. 15-CV-05596-JCS, 2017 WL
12 1064984, at *16 (N.D. Cal. Mar. 21, 2017). As discussed above, none of Karnazes' underlying
13 claims survive.

14 Karnazes also lists the following terms and statutes throughout her FAC: "premises
15 liability"; "violation of Cal. Civ. Code. 1750"; "violation of Cal. Bus. & Prof. Code 17200";
16 "statutory violations"; "unjust enrichment"; "Unruh Act Cal. Civ. Code 51"; "42 U.S.C. § 1983";
17 and "42 U.S.C. § 12101". Because she fails to separate out these causes of action or even attempt
18 to plead the elements of each distinct cause of action, these claims fail as well.

19 Having reviewed the FAC, American Airlines' motion to dismiss, and Karnazes'
20 opposition, I cannot identify a viable cause of action that would allow this case to move forward.
21 Nothing in the FAC allows me to draw a reasonable inference that American Airlines is liable for
22 the misconduct alleged.

### B. Dismissal Without Leave to Amend

24 "A district court may deny a plaintiff leave to amend if it determines that 'allegation of
25 other facts consistent with the challenged pleading could not possibly cure the deficiency,'
26 *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), or if the
27 plaintiff had several opportunities to amend its complaint and repeatedly failed to cure
28 deficiencies, *Foman v. Davis*, 371 U.S. 178, 182, (1962)." *Telesaurus VPC, LLC v. Power*, 623

F.3d 998, 1003 (9th Cir. 2010) (citations altered).

As discussed above, Karnazes fails to state a plausible claim for each of her asserted causes of action. She already amended her complaint once in state court. There is no indication that granting her leave to amend to file a Second Amended Complaint or allowing her to retain counsel would result in the assertion of cognizable claims. The record to date, including her failure for fourteen months to file any opposition to the motion to dismiss and then filing one that fails to address the issues raised in the motion, strongly indicates that it would not. Karnazes' FAC is dismissed with prejudice and without leave to amend.

## CONCLUSION

For the reasons stated above, American Airlines' motion to dismiss the FAC is GRANTED and Karnazes' motion for leave is DENIED. This case is dismissed with prejudice. The Clerk shall enter judgment in favor of American Airlines and close the case.

**IT IS SO ORDERED.**

Dated: January 19, 2021

William H. Orrick
United States District Judge